UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| ) | |
| ANTHONY MAPP ) | CASE NO. 18-30148(1)(13) |
| KIMBERLY LAVERN TELESFORD-MAPP ) | |
| ) | |
| Debtor(s) ) | |

## MEMORANDUM OPINION

This matter came before the Court for an evidentiary hearing on the Motion for Declaration that Property is not Part of the Bankruptcy Estate of Debtors Anthony Mapp and Kimberly Lavern Telesford-Mapp ("Debtors") filed by Interested Party Lamont Allen Chandler ("Chandler"). The Court considered Chandler's Motion and the Objection thereto filed by the Debtors, as well as the testimony of the witnesses and evidence submitted at the Evidentiary Hearing held on the matter. For the following reasons, the Court will enter an Order granting Chandler's Motion.

### FACTUAL AND PROCEDURAL BACKGROUND

On January 19, 2018 at 11:24 a.m., Debtors filed their Voluntary Petition seeking relief under Chapter 13 of the United States Bankruptcy Code. On their Petition, Debtors listed their address as 1430 Second Street, Louisville, Kentucky 40208. On Debtors' Schedule of Financial Affairs they also listed that they were parties to a foreclosure action filed against them by Waterside Tax Service Company in Jefferson Circuit Court, Case No. 16-CI-401155. On Schedule A/B: Property, Debtors listed the Second Street property and an additional property located at 2204 West Chestnut, Louisville, Kentucky with a current value of $60,000 (hereinafter referred to as "the Property"), which was the subject of the foreclosure action.

On February 28, 2018, Chandler filed a Motion for Declaration that the Property is not Part of the Bankruptcy Estate. In that Motion, Chandler claimed that he purchased the Property at a Jefferson County Master Commissioner's Sale on January 19, 2018 at 10:46:22 a.m. Chandler contends because he purchased the Property prior to the time the Voluntary Petition was filed, the Property is not part of the Debtors' bankruptcy estate.

On March 27, 2018, the Debtors filed their Objection to Chandler's Motion stating that there was no evidence to establish that Chandler purchased the Property prior to the time the Debtors' Petition was filed.

At the evidentiary hearing, the Court heard the testimony of Matthew Dutcher with the Jefferson County Commissioner's Office and Chandler, who attended the Master Commissioner's sale of the Property and purchased the Property at that sale on January 19, 2018.

## **LEGAL ANALYSIS**

Matthew Dutcher is a Deputy Master Commissioner with the Office of the Master Commissioner of the Jefferson Circuit Court in Jefferson County, Kentucky. Mr. Dutcher testified that the Property claimed to be owned by the Debtors was the subject matter of a foreclosure action, Case No. 16-CI-401155, styled *Waterside Tax Service Company v. Kim Telesford-Mapp, et al.* Pursuant to a Judgment and Order of Sale in the foreclosure case, the Property was sold at a judicial sale by the Jefferson Circuit Court Commissioner on January 19, 2018.

Mr. Dutcher explained that each Master Commissioner sale is recorded on a portable Sony IC Recorder, which contains a time counter, which indicates the time corresponding to the audio. Once the sale is complete, the recording is imported from the device to the Master Commissioner's

internal server via a program called Sound Organizer.  The program notes the start time of the audio file.

The Property was listed on the Master Commissioner's docket as Docket No. 59.  The audio file's time stamp indicates the auction began at 1:12:56 and the Property was sold at 1:16:14.  Mr. Dutcher testified that using Sound Organizer, the bidding on the sale began at 10:40:30 EST and concluded with the sale of the Property at 10:43:48 EST.  Once the sale was concluded Mr. Dutcher stated that he hit the stop button on the device.  The recording is the official record of the sale for the Master Commissioner's Office.

The amount bid on the Property by Chandler was $25,000.  Any bid under two-thirds of the sale price triggers the state statutory right of redemption under KRS § 426.530.  The redemption period is six months, which in this case ended on July 19, 2018.  After the Sale Report goes into the record, which is usually 3-5 days after the Sale Report, the 10-day period for objections to the sale by any party is triggered.  After ten days, any party may move to confirm the sale.  The recording of the sale of the Property indicated the sale was completed by Chandler.

Mr. Chandler confirmed that he bid $25,000 for the Property and that after the sale, he showed the Master Commissioner his bond to pay the required 10% of his bid.  He stayed for two more sales and estimated he left the Master Commissioner's Office at 11:14 a.m.  Mr. Chandler also showed the Court a text message that he sent to a friend at 10:57 EST which stated, "I got 2204 W. Chestnut."

The issue before the Court is whether the Property is part of the Debtors' estate.  The facts establish that the Debtors' Petition was filed subsequent to the sale of the Property by the Master

Commissioner. Based upon the prevailing authority, it is clear that the Property was no longer property of the Debtors' estate at the time the Petition was filed.

The Sixth Circuit in *Federal Land Bank of Louisville (In re Glenn)*, 760 F.2d 1428, 1442 (6th Cir. 1985), determined that once a foreclosure sale has occurred, the right to cure the Debtor's default and reinstate the terms of the mortgage under 11 U.S.C. § 1322(b) ceases. Furthermore, 11 U.S.C. § 362(a) does not toll the running of the state statutory period of redemption following foreclosure sales. *Id.*

In the case at bar, the sale occurred prior to the filing of the Bankruptcy Petition. Under 11 U.S.C. Section 541, the Property was no longer property of the estate.

Additionally, under Kentucky law, the statutory period of redemption is six months from the date of the sale, or July 19, 2018 in this case. *See*, KRS § 426.530. No redemption was made by the Debtors before July 19, 2018. Therefore, the Property was owned by Chandler and not the Debtors.

The *Glenn* court's findings were adopted in *In re Parker*, 563 B.R. 650 (Bankr. E.D. Ky. 2017), wherein the bankruptcy court made it clear that a debtor's right to cure a home mortgage default under 11 U.S.C. 1322(c)(1) terminates when the residence is sold at a foreclosure sale. The point where the foreclosure sale occurs is "when the gavel comes down on the last bid. . .," *Id.*, quoting *Cain v. Wells Fargo Bank, N.A. (In re Cain)*, 423 F.3d 617, 621 (6th Cir. 2005). Furthermore, this authority makes clear that debtors may not cure their default merely because they retain legal title, possession and/or the right to redeem the property under state law. *See*, 11 U.S.C. § 1322(c); *Parker*, 563 B.R. at 654.

Once Chandler was the successful bidder at the Master Commissioner's sale, he obtained equitable ownership of the Property. *In re Gay*, 213 B.R. 500, 502 (Bankr. E.D. Ky. 1997). The Debtors' interest in the Property at that point was bare legal title and the right of redemption. Debtors' right of redemption is an interest that is property of the estate under 11 U.S.C. § 541(a)(1). However, the right to redeem the property does not allow the debtor to reverse acceleration on the loan and cure the default, but rather requires the debtor to pay the purchaser of the property the sum that it paid at the foreclosure sale, plus interest and costs within the statutory time period. *See*, e.g., *McCarn v. WYHY Federal Credit Union (In re McCarn)*, 218 B.R. 154, 161 (B.A.P. 10th Cir. 1998).

In Kentucky, the right of redemption is represented as a lien in the purchaser's deed. *See*, KRS 426.530(3). The defendant must redeem this lien by payment in full of the judgment with all accrued interest and costs before the end of the six month statutory period which runs from the date of sale. Failure to redeem this lien recorded upon the purchaser's deed within this period results in the extinguishment of the lien as a matter of law. In this case, the Debtors failed to redeem this lien before July 19, 2018, the date of expiration of the redemption period.

The savings provision of 11 U.S.C. § 108(b) provides no relief for Debtors in this case. The Debtors are individuals under Chapter 13 of the Bankruptcy Code. As such, the state law expiration of the redemption period exceeded any relief afforded under bankruptcy law.

There is no dispute that Debtors had six months to redeem the Property under Kentucky statutory law or that Debtors failed to exercise their right of redemption during this time period. Accordingly, Debtors have no interest in the Property. Therefore, the Court will **GRANT** Chandler's Motion by an Order accompanying this Memorandum-Opinion.

## **CONCLUSION**

For all of the above reasons, the Motion for Declaration that Property is not Part of the Bankruptcy Estate is **GRANTED**. An Order accompanies this Memorandum-Opinion.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: December 10, 2018

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE: )
)
ANTHONY MAPP ) CASE NO. 18-30148(1)(13)
KIMBERLY LAVERN TELESFORD-MAPP )
)
Debtor(s) )

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion for Declaration that Property is not Part of the Bankruptcy Estate of Interested Party Lamont Allen Chandler, be and hereby is **GRANTED**. The real property located at 2204 West Chestnut Street, Louisville, Kentucky is not part of the bankruptcy estate of Debtors Anthony Mapp and Kimberly Lavern Telesford-Mapp.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated: December 10, 2018