#### UNITED STATES BANKRUPTCY COURT
#### FOR THE
#### WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: | ) |
| | ) |
| ANTHONY MAPP | )   CASE NO.  18-30148(1)(13) |
| KIMBERLY LAVERN TELESFORD-MAPP | ) |
| | ) |
| Debtor(s) | ) |

### MEMORANDUM OPINION

This matter is before the Court on the Motion to Reconsider and to Alter and Amend the Order entered December 10, 2018 filed by Debtors Anthony Mapp and Kim Telesford-Mapp ("Debtors").  The Court considered the Debtors' Motion and Memorandum in Support of their Motion, the Purchaser's Response to Motion to Reconsider and to Alter and Amend Order filed by Interested Party, Lamont Allen Chandler ("Chandler"), and the arguments made by counsel for the parties at the hearing held on the matter.  For the following reasons, the Court will **DENY** the Debtors' Motion.

### LEGAL ANALYSIS

On December 10, 2018, this Court entered a Memorandum-Opinion and Order granting Chandler's Motion for Declaration that property located at 2204 West Chestnut Street, Louisville, Kentucky (the "Property"), that he purchased at a foreclosure sale on January 19, 2018 was not property of the estate of the Debtors.  Further, the Debtors' statutory right of redemption had expired under state law leaving no opportunity for the Debtors to "cure" a default and keep the Property through their Chapter 13 bankruptcy.  The Debtors have now asked the Court to reconsider and/or alter its December 10, 2018 Opinion, contending that the automatic stay of 11 U.S.C. § 362 applies

to the Debtors individually and to their state law right of redemption and that the sale could not move forward without the parties seeking an order granting them relief from the stay.

The Court previously determined based upon evidence presented at trial that Chandler purchased the Property shortly before the Debtors filed their Voluntary Petition seeking relief under Chapter 13 of the United States Bankruptcy Code. Therefore, the Court concluded the Property was not property of the Debtor's estate. The automatic stay only protects property of the estate.

The Debtors' right of redemption arose pre-petition at the time the bid was accepted by the Commissioner. The right of redemption became property of the estate once the bankruptcy was filed, and was for a time, protected by the automatic stay. *See*, *Schlarman v. Nageleisen (In re Nagelsisen)*, 527 B.R. 258, 263 (Bankr. E.D. Ky. 2015), citing *Humbert Mortg., Inc. Money Purchase Pension Plan v. Redell*, 263 S.W.3d 594 (Ky. Ct. App. 2008). The six month right of redemption began to run on the date of the sale, January 19, 2018 and ended on July 19, 2018. The Debtors failed to exercise their right of redemption during this period.

The Court's Memorandum-Opinion made clear that Chandler obtained equitable ownership of the Property at the foreclosure sale, *In re Gay*, 213 B.R. 500, 502 (Bankr. E.D. Ky. 1997), and that the Debtors' interest at that point was bare legal title, with the right of redemption. The Debtors had only one legal opportunity to redeem the Property under KRS 426.530, which they failed to perfect before the end of the six month statutory period. The Debtors' redemption lien terminated by operation of Kentucky law.

Debtors cite no authority for their position that the right of redemption was stayed until the order of confirmation. The express language of KRS 426.530(3) governs and bankruptcy law provided no safe harbor for Debtors. The Debtors' right of redemption ceased to exist and there was

no legal requirement for Chandler to seek relief from the stay against property that was not part of the estate. Once the right of redemption expired, confirmation of the sale was entirely within the sole jurisdiction of the Jefferson Circuit Court.

The evidence at trial supported this Court's Findings in its Memorandum-Opinion issued December 10, 2018. The Debtors' Motion to Reconsider and to Alter that Opinion is not supported by prevailing authority or the evidence presented at the hearing. Accordingly, the Court must **DENY** the Debtors' Motion.

## **CONCLUSION**

For all of the above reasons, the Debtors' Motion to Reconsider and to Alter and Amend the Order entered December 10, 2018 is **DENIED**. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

                                                      Joan A. Lloyd
                                                     United States Bankruptcy Judge
                                                     Dated: February 20, 2019

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| ) | |
| ANTHONY MAPP ) | CASE NO. 18-30148(1)(13) |
| KIMBERLY LAVERN TELESFORD-MAPP ) | |
| ) | |
| Debtor(s) ) | |

### ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion to Reconsider and to Alter and Amend the Order entered December 10, 2018, filed by Debtors Anthony Mapp and Kim Telesford-Mapp, be and hereby is, **DENIED**.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: February 20, 2019